

Sealed

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-MC-22798

In Re Application of

MARIO MENA MARQUA,

          Applicant

pursuant to 28 U.S.C. § 1782
For Judicial Assistance in Obtaining
Evidence For Use in a Foreign and
International Proceeding.
_____/



FILED BY_____D.C.

JAN - 9 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION TO UNSEAL COURT FILE

      Mario Mena Marqua ("Applicant") respectfully moves this Court to unseal the court file

in the instant case and, in support, states as follows:

      1.     On July 8, 2019, Applicant filed an *ex parte* Application for Judicial Assistance

Pursuant to 28 U.S.C. § 1782 (the "Application"). [D.E. 1]. The Application did not contain a

request to seal the court file.

      2.     On December 4, 2019, the Court held a hearing to consider the Application. [D.E.

6].

      3.     Subsequently, on December 9, 2019, the Court entered a sealed Order granting in

part and denying in part the Application. [D.E. 8]. Specifically, the Court authorized Applicant to

serve a subpoena, along with the Order, on Banco Santander International ("Santander") within

twenty-one days. Id. Thereafter, the Order provides that the Court would enter an order unsealing

the Application. Id.

4.    On or about January 7, 2019, Santander advised counsel for Applicant that it was going to give notice of the subpoena to its client, Shalico Financial & Commercial, Inc. ("Shalico").

5.    On January 8, 2019, counsel for Applicant was contacted by counsel for Shalico, who advised Shalico (i) was aware of the subpoena served on Santander; (ii) was aware of the Application, but could not access it because it was sealed; (iii) requested a copy of the Application and other filings; and (iv) advised that it would be filing an objection (even though it has not had the opportunity to review the Application or ascertain whether there are grounds for an objection).

6.    Counsel for Applicant called the Judge's chambers and advised the law clerk that twenty-one days had elapsed since the issuance of the subpoena and of Shalico's request. Given that the court file is sealed, counsel for Applicant did not share the Application or any other sealed filing with counsel for Shalico, and is awaiting an order from the Court unsealing the court file before doing so.

7.    As advised during the December 4, 2019 hearing, Applicant needs the discovery sought through the Application for use at a March 2020 hearing in the Foreign Proceeding. Before using the documents at the hearing, Applicant will need time to certify and apostille the documents.

8.    Therefore, Applicant does not wish to delay Shalico from filing its objection, and it is imperative that Shalico's objection (if any) is resolved in an expedited manner.

9.    There is no need to conduct this proceeding under seal. Moreover, Applicant acknowledges the public policy in favor of maintaining filings open to the public and does not seek to depart from that policy.

WHEREFORE, Applicant, Mario Mena Marqua, respectfully request that this Court enter an order, in substantially similar form to the Proposed Order attached as **Exhibit A**, directing the Clerk to unseal this court file.

Date: January 9, 2020

Respectfully submitted,

**SEQUOR LAW, P.A.**
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone:     (305) 372-8282
Facsimile:     (305) 372-8202

By: _____
Fernando J. Menendez, Esq.
FBN: 0018167
fmenendez@sequorlaw.com
Cristina Vicens Beard, Esq.
FBN: 111357
cvicens@sequorlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case on January 9, 2020.

_____
Cristina Vicens Beard, Esq.